## STATE v. GRAYSON R. DAVIS.

(Filed 2 December, 1964.)

APPEAL by defendant from *Shaw, J.,* February 3, 1964 Criminal Session, GUILFORD Superior Court, Greensboro Division.

At the January 11, 1960 Term, Guilford Superior Court, the defendant and two others were tried and convicted on three bills of indictment, each charging a felony as follows: (1) Breaking and entering; (2) possessing, without lawful excuse, certain described implements of house breaking fitted and designed for use in burglary, etc.; and (3) larceny of an automobile. The three cases were consolidated for judgment. A prison sentence of seven to ten years was imposed on the present defendant for the possession of burglary tools; and a sentence of 18 months, to run concurrently, was imposed for the larceny of the automobile. Apparently no judgment was entered on the house breaking charge.

The petitioner challenged the legality of his imprisonment by *habeas corpus.* His petition was denied. However, on January 7, 1963, he filed a petition for a post conviction hearing upon the ground that he was an indigent, not able to employ counsel, and was not represented in the 1960 trial. Judge Shaw appointed counsel and at the post conviction hearing set aside the convictions and ordered a new trial on each of the three indictments. At the new trial held at February, 1964 Session, defendant was again convicted on the three charges. However, after the jury verdict was returned, Judge Shaw set aside the convictions for house breaking and for larceny, but imposed a sentence of seven to ten years for possession of the burglary tools. From that conviction and sentence, the defendant has appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General, Richard T. Sanders, Assistant Attorney General for the State.*

*E. L. Alston, Jr., for defendant appellant.*

PER CURIAM. At all stages since he petitioned for his post conviction hearing, the defendant has been represented by court-appointed counsel. In two instances he seems to have found fault with his attorney, and the court, after hearing, permitted counsel to withdraw. However, other counsel were immediately appointed. The record discloses the defendant has been properly represented at all times material to the present inquiry.

At the trial now here for review, Judge Shaw set aside the conviction on the charge of house breaking, whether as being against the greater weight of the evidence, or that no judgment was entered on that charge in the 1960 trial, the record does not disclose. The reason for setting the verdict aside is immaterial. Judge Shaw set aside the conviction for the larceny of the automobile upon the ground that the defendant had completed the service of that sentence before he applied for a post conviction hearing.

Judge Shaw has been careful to protect the defendant's rights at all stages of this proceeding. The record discloses

No error.